IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MALISSIA VEAZEY LOUCKS and AMANDA VICTORIA WOODHAM, <br> Plaintiff, <br><br> vs. <br><br> SHOREST, LLC, and RHI, INC. d/b/a SHONEY'S OF CLANTON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 2:12cv304-WHA <br><br> (wo) |

**MEMORANDUM OPINION AND ORDER**

I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on the Plaintiffs' Motion to Strike Defendants' Answer and Affirmative Defenses, or in the Alternative, Plaintiffs' Motion for a More Definite Statement (Doc. #12).

The Plaintiffs, Valerie Malissia Veazey Loucks and Amanda Victoria Woodham ("the Plaintiffs"), filed a Complaint and an Amended Complaint. The Plaintiffs bring claims pursuant to Title VII of the Civil Rights Act of 1964 for sexual harassment (Count I), discrimination on the basis of gender (Count II), and retaliation (Count III), as well as state law claims for negligent and wanton hiring, training, supervision, and retention (Count IV), invasion of privacy (Count V), assault and battery (Count VI), and outrageous conduct (Count VII).

In response to the Amended Complaint, the Defendants, Shorest, LLC and RHI, Inc. d/b/a Shoney's of Clanton ("Defendants"), filed an Answer which included affirmative defenses.

The Plaintiffs have asked the court to strike the Answer, or alternatively to require a more

definite statement, on the grounds that the Answer contains insufficient denials under Rule 8(b)(1)(A), and that the affirmative defenses do not meet the plausibility pleading standard of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## II.  DISCUSSION

A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure tests whether a pleading sets forth "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "A motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).[1]

In opposition to the Motion to Strike filed in this case, the Defendants state that their statements of denial in their Answer are consistent with the Federal Rules of Civil Procedure, and that the plausibility standard relied on by the Plaintiffs ought not be applied to affirmative defenses.

The court agrees with the Defendants that the denials in the Answer comply with Rule 8. The portion of that rule cited by the Plaintiffs, Rule 8(b)(1)(A), applies to defenses, and requires that they be stated in short and plain terms.  Rule 8(b)(1)(B), however, is the portion of the rule which governs denials and admissions of the facts in the Complaint, and it states that the party responding to a pleading must "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(B).  Rule 8 further provides that a "party that does not intend to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).  The Answer in this case identifies each paragraph of the Amended Complaint, and admits or denies the paragraphs, meeting the requirements of Rules 8(b)(1)(B) and 8(b)(3).  The Motion to Strike is, therefore, due to be DENIED as to the denials in the Answer.

The affirmative defenses stated in the Answer have been challenged by the Plaintiff as being devoid of factual content and/or as not constituting affirmative defenses at all.

The Defendants concede that some of the defenses listed in their Answer as affirmative defenses are not affirmative defenses, but are actually just specific denials of particular factual allegations.

This court is persuaded that "the improper designation should not operate to prejudice the pleader."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1269 (3d ed. 2004).   Rather than strike these defenses, this court will follow the approach of other district courts and simply view the defenses as specific denials, rather than affirmative defenses.  *See, e.g., CI Int'l Fuel, LTDA v. Helm Bank, S.A.*, No. 10–20347–CIV, 2010 WL 3368664, at *2–3 (S.D. Fla. Aug.23, 2010) (denying motion to strike and treating defenses as denials).

The paragraphs which do appear to assert an affirmative defense, paragraphs 4, 6, and 16, state that the Plaintiffs failed to comply with the Defendants' policy regarding reporting of sexual harassment, that the Plaintiffs did not provide notice of discrimination, and that all reasonable and appropriate remedial actions were taken by the Defendants.  These assertions relate to the *Faragher/Ellerth* affirmative defense to sexual harassment claims.  *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742

(1998).  The Defendants argue that their affirmative defense paragraphs are sufficient, and the plausibility standard from *Iqbal* and *Twombly* does not apply to affirmative defenses.

There is a split in authority over whether *Iqbal* and *Twombly* apply to affirmative defenses.  *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274 (Supp. 2012).  No federal Circuit Court of Appeals appears to have addressed this issue.  *Id.* The Eleventh Circuit cases cited by the Plaintiffs in this case were decided before *Iqbal* and *Twombly* and address different pleading issues.  *See Anderson v. District Bd. of Trustees of Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (noting that the affirmative defenses were as incomprehensible as the complaint in the case and affirming a denial of qualified immunity); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001) (noting that one sentence affirmative defenses were comprehensible but vague because they were addressed to the complaint as a whole), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

Upon review of the split in authority among district court cases, this court finds persuasive those cases which have not applied *Iqbal* and *Twombly* to affirmative defenses, based at least in part on the reasoning that *Iqbal* and *Twombly* were interpreting the language of Rule 8(a), not Rule 8(c).  *See, e.g., Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010); *Floyd v. SunTrust Banks, Inc.*, No. 1:10cv2620, 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011).

Rule 8(a), which applies to claims for relief, requires a short and plain statement of the claim "showing that the pleader is entitled to relief," whereas Rule 8(c), which applies to affirmative defenses, only requires that a pleader "must affirmatively state any avoidance or

affirmative defense . . . ." Fed. R. Civ. P. 8. The difference in the language of the rule, therefore, cautions against an extension of *Iqbal* and *Twombly* to affirmative defenses.

In addition, although the Eleventh Circuit has not spoken on this issue, it has reiterated in an unpublished opinion issued after *Twombly* that "[w]hen a plaintiff has notice that an affirmative defense will be raised at trial, the failure of the defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue." *Hewitt v. Mobile Research Technology, Inc.,* 285 F. App'x 694, 696 (11th Cir. 2008). That reasoning indicates that sufficient notice required in the pleading of an affirmative defense is given as long as a plaintiff is not prejudiced by assertion of the affirmative defense. *See Jackson*, 269 F.R.D. at 696.

In this case, the Defendants have adequately given notice that they intend to rely on the Plaintiffs' failure to follow the policy regarding reporting sexual harassment, the Plaintiffs' failure to provide notice, and that the Defendants took reasonable appropriate and remedial actions. Finding no prejudice to the Plaintiffs in the assertion of the *Faragher/Ellerth* affirmative defense, and bearing in mind that granting a Motion to Strike is a drastic remedy, the court concludes that the affirmative defenses paragraphs are not due to be stricken.[2]

Finally, the Plaintiffs are not entitled to their requested alternative relief because a Motion for More Definite Statement is not available relief in response to an Answer, but only in response to a pleading to which a responsive pleading is allowed. *See* Fed. R. Civ. P. 12(e); *see also Jackson*, 269 F.R.D. at 663.

---

[2] To the extent that the statement in the Answer that punitive damages are limited by law is an affirmative defense, notice has also been given as to that defense.

## III.  CONCLUSION

For the reasons discussed, the Motion to Strike Defendants' Answer and Affirmative Defenses, or in the Alternative, Plaintiffs' Motion for a More Definite Statement (Doc. #12), is due to be and is hereby ORDERED DENIED.

Done this  day of 13th day of June, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE