IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE MALISSIA VEAZEY LOUCKS and AMANDA VICTORIA WOODHAM, Plaintiff, vs. SHOREST, LLC, and RHI, INC. d/b/a SHONEY'S OF CLANTON, Defendants. | CIVIL ACTION NO. 2:12cv304-WHA (wo) |

ORDER

This cause is before the court on the Plaintiffs' Motion in Limine (Doc. #60).

The Plaintiffs move in limine to exclude eight categories of evidence, and the Defendants have responded to the motion by stating that they do not object to the exclusion of five of those categories, specifically: evidence of settlement negotiations; allowing for leading questions asked of management employees; evidence of Plaintiffs' income tax records; evidence of the number of documents or witnesses produced in the case by all parties; and evidence of the bankruptcy, garnishments, or lawsuits of individual witnesses or the plaintiffs.

As to the Plaintiffs' category identified as evidence which was not known to the decision-maker at the time of the decision, the Defendants respond that they cannot consent to this aspect of the motion because they do not know what "decision" is referred to by the Plaintiffs.

With respect to the Plaintiffs' category of evidence offered in support of affirmative defenses not specifically pled in the Answer, the Defendants respond that no evidence is identified so the Motion in Limine cannot be granted. The court also notes that the Pretrial Order takes the place of the Answer in this case.

Finally, with respect to the Plaintiffs' identified category of evidence, documents, or witnesses not previously disclosed or produced in discovery, the Defendants respond that they will only introduce exhibits and offer witness testimony identified and admitted by the parties.

Upon consideration of the Motion and the Defendants' responses, it is hereby ORDERED as follows:

1. The Motion in Limine (Doc. #60) is GRANTED as to, and evidence is excluded from trial of, settlement negotiations; Plaintiffs' income tax records; the number of documents or witnesses produced in the case by all parties; and the bankruptcy, garnishments, or lawsuits of individual witnesses or the plaintiffs.  Also, the Plaintiffs will be allowed to ask leading questions of Defendants' management employees.  Finally, only evidence which has been disclosed in accordance with the Federal Rules and the Uniform Scheduling Order will be admitted.

2. Because the remaining categories of evidence identified in the Plaintiffs' Motion in Limine are unclear and do not identify particular evidence, the Motion in Limine is DENIED as to evidence not known to the decision maker at the time of the decision and evidence of affirmative defenses not pled.  The Plaintiffs can raise particular objections to evidence at trial, and the court will address those objections at that time.

Done this 26th day of April, 2013.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE