IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MALISSIA VEAZEY LOUCKS and AMANDA VICTORIA WOODHAM, ) ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | CIVIL ACTION NO. 2:12cv304-WHA | |
| ) | | |
| SHOREST, LLC, and RHI, INC. d/b/a ) SHONEY'S OF CLANTON, ) | (wo) | |
| ) | | |
| Defendants. ) | | |

ORDER

This cause is before the court on the Defendant's Motion in Limine (Doc. #53).

The Defendants have moved in limine to exclude evidence of extramarital affairs of Dr. Rory Smith, medical causation testimony by the Plaintiffs, legal conclusion testimony by the Plaintiffs and Plaintiffs witnesses, and evidence of other lawsuits or claims.

The court addresses the motion as to legal conclusions first, because the Plaintiffs concede that they and their witnesses will not testify using the legal term "constructive discharge." That is the only legal conclusion the Defendants identify in their motion. Therefore, that aspect of the Motion in Limine is due to be GRANTED, and the Plaintiffs and their witnesses will not be allowed to testify using the terms "constructive discharge" or "constructive termination."

As to evidence of extramarital affairs, the Defendants contend that the evidence is hearsay, and there is no evidence that any woman with whom the owner of Shoney's in Clanton, Dr. Rory Smith ("Smith"), is alleged to have had an extramarital affair filed any complaint against him or worked in the restaurant where the Plaintiffs worked. The Defendants argue,

therefore, that the evidence is impermissible character evidence, due to be excluded under Fed. R. Evid. 401, 402, and 404, or that if the evidence has some probative value, it is substantially outweighed by the potential for unfair prejudice under Rule 403.

The Plaintiffs respond that the Defendants have not identified any hearsay evidence, not subject to an exception, so that the evidence must be evaluated at trial. The Plaintiffs also argue that the evidence of extramarital affairs is relevant and not due to be excluded because circumstantial evidence of a discriminatory atmosphere at a place of employment is relevant to the question of motive. The Plaintiffs state that they attempted to develop this evidence during discovery, but that Smith refused to answer questions about dating employees. The Plaintiffs state that they "believe" that women who came to Shoney's with Smith were his girlfriends or mistresses, and if Smith was dating employees, and engaging in an open marital affair, his conduct is relevant to the fostering of a sexually hostile environment.

The court cannot conclude that any evidence of an extramarital affair is admissible at this point in the proceedings. The Plaintiffs have not pointed to any non-hearsay testimony to establish that there was an affair, and have stated that Smith would not confirm the affair during his deposition. No motion to compel was filed by the Plaintiffs. The court is persuaded by the reasoning of another district court that absent an employee's "personal knowledge of the affair, the admission by [the supervisor] of the affair at his deposition or trial, or the testimony of [the alleged mistress] or others with personal knowledge of the affair," testimony that a supervisor was having an extramarital affair with a subordinate is speculative and inadmissible under Rule 701. *Sarantis v. ADP, Inc.*, No. CV-06-2153-PHX-LOA, 2008 WL 4057007, at *7 (D. Ariz. Aug. 28, 2008).

2

If the Plaintiffs plan to offer evidence in the form of a person with personal knowledge of the affair, the court will examine the nature of that evidence to determine whether the evidence is otherwise admissible.  To that end, the Plaintiffs will be given additional time to identify any evidence they seek to admit at trial to substantiate that Smith had extramarital affairs and the witness or witnesses through whom such testimony would be offered.  The Defendants will be given additional time to respond to that specific evidence.

The Defendants ask the court to preclude the Plaintiffs from testifying as to the cause of their physical ailments without a medical professional to provide opinion testimony.  The Plaintiffs respond that they must be allowed to testify about the emotional pain, embarrassment, and humiliation they suffered, and link it to treatment experienced in their employment.

In *Tucker v. Housing Auth. of Birmingham Dist.*, 229 F. App'x 820, 827 (11th Cir. 2007), the Eleventh Circuit upheld a denial of remittitur or new trial on emotional damages where the plaintiff relied "solely on his own testimony," including testimony as to the physical effects of humiliation such as digestive problems and an inability to sleep.

The Plaintiffs do not appear to seek to testify about the causation of physical ailments which would require medical causation testimony.  Therefore, the Plaintiffs will be allowed to testify in the manner they have described, that is, they can testify about the emotional pain, embarrassment, and humiliation they suffered, and link it to treatment experienced in their employment, but will not be allowed to testify that such treatment caused any specific medically diagnosed condition.

The Defendants also seek to exclude evidence of other lawsuits and claims.  They contend that evidence of other claims or lawsuits is of previous discrimination claims which did

not allege sexual harassment.  The Plaintiffs respond that this evidence cannot be *per se* excluded.   Evidence of other instances of discrimination, or "me too" evidence can be admissible, under Rule 404(b), to prove intent.  *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir.2008).  Such evidence is, however, subject to a Rule 403 inquiry which is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008).  In this case, the Plaintiffs have hostile environment claims, retaliation claims, and state law claims.  While they have requested a jury charge for disparate treatment, the disparate treatment to which they point is the alleged harassment constituting their hostile environment claim, and does not constitute a separate disparate treatment claim.  The court will not exclude "me too" evidence without examining specific evidence, but has no specific evidence before it.  Therefore, to expedite a ruling on the admissibility of particular "me too evidence," the Plaintiffs will be given a deadline to identify particular other claims or cases upon which they seek to rely, so that the court can determine whether the evidence is similar enough to the Plaintiffs' circumstances and theory of the case to withstand Rule 403 balancing for admissibility.

     Accordingly, it is hereby ORDERED as follows:

    1. The Motion in Limine is GRANTED as to the Plaintiffs' offering testimony of a legal conclusion as to "constructive discharge," and is DENIED as to the Plaintiffs' testimony about emotional pain, embarrassment, and humiliation they suffered, linked to treatment experienced in their employment.  The motion is held in abeyance in all other respects.

    2. The Plaintiffs are given until **May 3, 2013** to specifically identify evidence of personal

knowledge of affairs of Dr. Smith and other cases or claims they seek to admit at trial, together with the identify of any witnesses through whom such evidence would be elicited and briefing the basis for admission.  The Defendants have until **May 8, 2013** to respond in support of their motion in light of that identification of evidence.

Done this 30th day of April, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE