IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALERIE MALISSIA VEAZEY LOUCKS and AMANDA VICTORIA WOODHAM, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:12cv304-WHA |
| RORY S. SMITH, SUNRISE USA, INC.; RESTAURANT HELP, INC.; SERVICE SOLUTIONS, INC. all d/b/a SHONEY'S RESTAURANT IN CLANTON, Defendants. | ) ) ) ) ) ) | (wo) |

**MEMORANDUM OPINION AND ORDER**

I. FACTS AND PROCEDURAL HISTORY

This case is before the court on the Defendants' Motion to Set Aside Default Judgment (Doc. #101).

The Plaintiffs filed a Complaint in this case on April 3, 2012, naming Shorest, LLC and RHI, Inc. d/b/a Shoney's of Clanton as Defendants. An Amended Complaint was filed on April 9, 2012 against the same Defendants. The Plaintiffs sought relief under Title VII and state law for alleged sexual harassment while they were employed at a Shoney's Restaurant in Clanton, Alabama.

The case was set for trial on May 13, 2013. On May 9, 2013, former Defendant, Shorest, LLC, filed a Suggestion of Bankruptcy (Doc. #76). The court stayed the case as to Shorest, LLC, and, at the request of the Plaintiffs, the trial of this case against Defendant RHI, Inc. was continued until October 28, 2013 because it was the Plaintiffs' intention to file a motion to lift

the stay as to Shorest, LLC, and to proceed to trial against both Defendants. (Doc. #77). On October 1, 2013, RHI, Inc. filed a suggestion of bankruptcy, and the case was dismissed without prejudice. (Doc. #84).

On January 21, 2014, the Plaintiffs filed a Motion to Reinstate, explaining that the bankruptcy court had dismissed RHI, Inc.'s case for failure to appear at a meeting of creditors. (Doc. #85). The Plaintiffs asked for leave to amend the Amended Complaint to name new Defendants which they contended were running the Shoney's business from its same location, with the same people involved as before, and to seek limited discovery on facts to pierce the corporate veil of successor corporations. This court reinstated the case, allowed the Plaintiffs to file a Second Amended Complaint, and granted the request by Defense counsel to withdraw from representation of the Defendants. (Doc. #88, 91).

The Plaintiffs filed a Second Amended Complaint on February 19, 2014, naming Restaurant Help, Inc. ("RHI"); Rory S. Smith; Sunrise USA, Inc.; and Service Solutions, Inc. as Defendants. These parties were served by certified mail and the certificates of service were signed and returned to the court. The certificate for Rory Smith was signed on February 27, 2014 and the signature was illegible. The certificate for Sunrise USA, Inc. was sent addressed to its registered agent on February 27, 2014, and signed for by Peggy Moss. Service Solutions, Inc.'s was mailed to its registered agent and its certificate was signed on February 27 with the signature Tammy Easterling. No Answer or other response to the Second Amended Complaint was filed by any Defendant.

On April 14, 2014, the Plaintiffs filed a Motion for Default, which was referred to the Clerk of the Court. (Doc. #96). On May 20, 2014, the Clerk entered default against all Defendants based on failure to file responses to the Second Amended Complaint. (Doc. #97).

The Plaintiffs filed a Motion for Default Judgment on May 29, 2014, which the court granted as to liability on June 9, 2014. The court then set the case for jury trial on the issue of damages. (Doc. #99). In an Order entered on June 23, 2014, the court re-set the case for a jury trial on the issue of damages. (Doc. #100).

On June 25, 2011, the Defendants, through their new attorney, David Gatch, filed their motion to set aside the default judgment. The Defendants seek to have the default judgment set aside pursuant to Rule 60(b)(1) & (6)[2] of the Federal Rules of Civil Procedure. (Doc. #101).

The court set the Motion to Set Aside the Default Judgment for evidentiary hearing, granted a Motion to Strike previously-filed affidavit evidence, and informed the parties that it would not consider affidavit evidence at the evidentiary hearing (Doc. #110).

The Plaintiffs then filed a Motion to Disqualify attorney David Gatch on the grounds that they had spoken with him about the merits of the case while he was a patron in the Shoney's restaurant where the Plaintiffs worked. At the evidentiary hearing, Gatch denied that the Plaintiffs had spoken with him.

The Plaintiffs subpoenaed several witnesses for the evidentiary hearing.

At the evidentiary hearing, the court orally denied the Motion to Disqualify, after hearing the evidence on that matter, finding that if the Plaintiffs talked to attorney Gatch, it was not in a way which caused him to consider them to be clients protected by privilege, and even if the

---

[2] Rule 60 (b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.

Plaintiffs' testimony as to the contact with attorney Gatch were accepted in full, there would not be any prejudice resulting from Gatch proceeding with representation of the Defendants on the Motion to Set Aside the Default Judgment.

Testifying at the evidentiary hearing on the Motion to Set Aside the Default Judgment were various people who signed certificates of service including Tammy Easterling, who signed the certificate of service for Service Solutions, Inc., and who works at the Shoney's restaurant, where the agent for service of process for Service Solutions, Inc., Mike Glancy ("Mike Glancy"), also works. Glancy testified that he was not made aware of the lawsuit. There was testimony that Defendant Service Solutions, Inc. was set up by Ted Burkhalter, but Ted Burkhalter did not testify at the hearing. Ted Burkhalter is a long-time acquaintance of Defendant Rory Smith ("Smith") and has served as Smith's accountant.

Peggy Moss ("Moss") also testified at the evidentiary hearing, and her signature is on the certificate of service for Sunrise USA, Inc. Moss works in the office for the agent for service of process for Sunrise USA Inc., Dr. Curtis Baker. Curtis Baker testified that he was not made aware of the lawsuit. Smith is the majority stockholder for Sunrise USA, Inc., and his wife is the only other stockholder. Smith is also the sole stockholder and officer of RHI, which he characterized as a defunct business.

Smith testified that he became aware of the Second Amended Complaint when he found it on his desk at home in March 2014, and he turned the matter over to his insurance company. Smith testified at the evidentiary hearing that the insurance company denied coverage shortly after default was entered in this case.

4

One of the witnesses subpoenaed by the Plaintiffs, Moss, only partially complied with the subpoena, because although she was present and testified, she failed to produce her cell phone records.

After the evidentiary hearing, the Plaintiffs filed a Motion to Compel Moss to Produce Cell Phone Records, which the court granted. (Doc. #121). The court subsequently was advised by the attorney for the Plaintiffs that Moss turned over to Plaintiffs' counsel the records requested.

## II. STANDARD FOR SETTING ASIDE A DEFAULT JUDGMENT

Default judgments are disfavored. *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir.1982). An adjudication on the merits is preferred to the entry of a default judgment. *Id.* The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). There are, however, grounds which must be proved in order to justify a court in setting aside a previously entered default judgment.

The Eleventh Circuit has held that to establish grounds to set aside a default judgment for mistake, inadvertence, or excusable neglect under Federal Rule of Civil Procedure 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *Ehlers*, 8 F.3d at 783.

In 1993, the Supreme Court explained that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing

deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court set forth the following factors for consideration: the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

In *In re Worldwide Web Systems, Inc.*, the Eleventh Circuit panel continued to apply the three prongs of meritorious defense, prejudice, and good reason, along with the *Pioneer Inv. Servs. Co.* factors. The Eleventh Circuit said that even though absence of prejudice to the nonmoving party and interest of efficient judicial administration are of "primary importance," the equitable determination of excusable neglect involves consideration of a meritorious defense, prejudice, and a good reason for not responding to the complaint, not exclusively prejudice. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1296-97 (11th Cir. 2003); *see also United States v. Two Thousand Three Dollars in U.S. Currency*, No. 2:13cv491-MEF, 2014 WL 129044, at *2 (M.D. Ala. Jan. 14, 2014).

### III. DISCUSSION

As set forth above, under the three-prong test for setting aside a default judgment pursuant to Rule 60(b)(1), the movant must show (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). The court is also to consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003).

As to the first prong, a showing of a meritorious defense, to obtain relief under 60(b), a party must demonstrate a defense that probably would have been successful. *See Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). In this case, Smith testified at the evidentiary hearing that he thought he could prevail at trial "[b]ecause I do not agree with the plaintiffs. I don't think it's—I just do not agree with the plaintiffs. Let's just leave it at that." In their written motion to set aside, the Defendants merely say that the Plaintiffs' case has no merit, there are no claims upon which relief can be granted, and the allegations are untrue and false.

"[A] moving party cannot satisfy the burden of showing a meritorious defense simply by 'asserting a general denial.'" *In re Worldwide Web Systems, Inc.*, 328 F.3d at 1296 (citation omitted). "[T]o establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." *Id.* (quotation omitted). In this case, no testimony, or even argument, having been presented at the evidentiary hearing as to why the Plaintiffs' claims lacked merit, no affirmative showing of a defense likely to be successful has been made.[1] There was a mere "asserti[on] of a general denial" by Smith, which is insufficient under *In re Worldwide Web Systems, Inc.* The Defendants, have, therefore, failed to show a meritorious defense that might have affected the outcome.

---

[1] The burden is on the Defendants to affirmatively show that they have a defense that might affect the outcome, therefore, the court has not attempted to discern what defenses could have been raised in support of the Motion to Set Aside which may have been asserted by other parties in response the original or Amended Complaint. *See Coello v. La Cabana Mexican Restaurant*, No. 4:12cv1104-VEH, 2013 WL 314357, 2 (N.D.Ala. Jan. 3, 2013) (stating that "the court will not speculate on the defenses that Defendants could have raised—or that could be inferred from the assertions in their motion—in an effort to discover any that might have affected the outcome of this case.").

The second prong is the absence of prejudice to the non-movant, which seemingly would include an analysis of many of the factors set forth by the Supreme Court in *Pioneer Inv Serv*. There was no evidence by the Defendants, or even any argument, however, at the evidentiary hearing, regarding absence of prejudice, nor any statement regarding absence of prejudice in the written Motion to Set Aside the Default Judgment.

As noted earlier, while the case previously was set for trial, and shortly before the trial date, one corporate defendant, Shorest, LLC, declared bankruptcy, then after a new trial date was set for the other Defendant and just before the case could be tried, the second corporate defendant, RHI, Inc., filed for bankruptcy, but it subsequently failed to appear at a meeting of creditors. The Plaintiffs argue in their brief in response to the Motion to Set Aside the Default Judgment that while RHI, Inc. was contemplating bankruptcy, Service Solutions, Inc. ratified a service contract with Sunrise USA, Inc. to take over operations of the Shoney's in Clanton. Smith, the sole stockholder of RHI and the majority stockholder of Sunrise USA, Inc., testified at the evidentiary hearing that management of the Shoney's Restaurant was turned over from RHI to Service Solutions in October. The Plaintiffs have sought discovery to pierce the veils of these successor corporations. The Plaintiffs' attempt to proceed with discovery of facts relevant to piercing the corporate veil of corporations, however, was ended through the entry of default on May 20, 2014, and the entering of a default judgment on June 9, 2014.

As the Eleventh Circuit concluded in *In re Worldwide Web Systems, Inc.*, 328 F.3d at 1297, even if the prejudice in this case "is not particularly pronounced," there is prejudice in the delay of requested discovery. Given that the Defendants have not presented evidence to demonstrate the lack of prejudice to the opposing party, the prejudice factors do not weigh in favor of a finding that they have established an absence of prejudice.

The final prong is that the movants must show that a good reason existed for failing to reply to the Second Amended Complaint. A defendant who fails to act diligently to ensure that others are protecting his interests does not have a good reason for failing to reply to the complaint. *Ehlers*, 8 F.3d at 784.

At the evidentiary hearing, the Defendants presented testimonial evidence and argument as to this prong, but in light of the court's findings as to the first two prongs, and particularly considering the lack of proof as to the absence of prejudice, the Defendants cannot support their Motion to Set Aside solely with evidence that a good reason existed for them not to reply to the Second Amended Complaint. *See Two Thousand Three Dollars in U.S. Currency*, 2014 WL 129044, at *3 (stating that "[f]ailure to establish the first prong is sufficient grounds to bar relief under 60(b)(1)."). The court will, however, examine the evidence presented as to each of the Defendants.

As to Smith, he testified at the evidentiary hearing that he became aware of the Second Amended Complaint on Saturday, March 8 after he returned home from a trip with his wife, and he did not know who had signed for it. On cross-examination he acknowledged that he had earlier filed an affidavit saying that the document had been received at his residence in Mt. Juliet, TN on or about February 28, 2014 through the U.S. mail, that it was on his home office desk when he returned from a business trip, and that his wife must have signed for it. He said that he was confused, since his wife's records indicated that he and his wife had been in Hawaii at that time. At any rate he testified that he contacted his insurance carrier about it in March, on the following Monday. Smith testified that he expected the insurance company to assign counsel to the matter, because he was told that.

Smith stated that he received a copy of the Motion for Entry of Default filed on April 14th, and understood what it meant. He said that he contacted the insurance company and sent them a copy of the Motion for Entry of Default. Smith's contact was apparently by email, and he testified that he had copies of email exchanges with the carrier, but he had not "produced" them, no emails were introduced at the evidentiary hearing, and there was no testimony by anyone from an insurance company.

Smith also received notice of an entry of default by the Clerk of the Court. He testified that he contacted the insurance carrier and was told that the person who had been handling his account was no longer with the company. He testified that "immediately after" he got the notice of the Clerk's entry of default, he got a notice from the insurance company of denial of coverage. He did not remember seeing the Motion for Default Judgment which was mailed to the same address. Smith testified that he did not contact an attorney about any of this because if he had called one, the insurance company would have denied coverage.

As noted, in the Eleventh Circuit a defendant has "a duty to act with some diligence to ensure that his attorney was protecting his interests." *Ehlers*, 8 F.3d at 784. Although Smith was not represented by an attorney when the default was entered against him in this case, the principle of diligence also extends to an insurance carrier asked to obtain representation. *See Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 -936 (11th Cir. 2007) (citing *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir.1975) for the proposition that there was no good reason for failing to respond to a complaint where defendant promptly sent copy of complaint to insurer, insurer did not retain counsel or respond to complaint, there were no communications between defendant and insurer for about three weeks, and default judgment was entered just four weeks after answer was due). Smith was aware of the Second Amended Complaint in March,

10

and was aware of the default entered by the Clerk of the Court in May, but allowed a default and then default judgment to be entered.

Even accepting Smith's testimony that under the policy, if he contacted an attorney his coverage would have been denied, Smith could have acted *pro se* and asked the court for an extension of time to respond. Furthermore, according to his testimony at the evidentiary hearing, Smith was informed immediately after he received notice of the Clerk's entry of default that the insurer had denied coverage. No motion was filed by any attorney for Smith, however, until June 25, after a Motion for Default Judgment was filed on May 29, and default judgment had been entered on June 9. "The longer a defendant—even a foreign defendant—delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Sloss Industries Corp. v. Eurisol,* 488 F.3d 922, 935 (11th Cir. 2007) (involving a case with a one month delay after default judgment was entered). The court concludes, therefore, that Smith has not established a good reason for his delay in responding to the Second Amended Complaint.

Smith apparently was acting on his own behalf and on behalf of RHI, Inc. in seeking insurance coverage, so his evidence is the evidence offered as to the third prong as to RHI, Inc. as well.

As to the reason for the failure of Sunrise USA, Inc. to respond to the Second Amended Complaint, the Defendants offered testimony from its agent for service of process, Curtis Baker, that he was not aware of the lawsuit, although the evidence showed that it was mailed to him, signed for, and the certificate signed by another person and returned to the court. Smith is the majority stockholder of Sunrise USA, Inc., however, and he, as outlined above, was aware of the Second Amended Complaint in March.

Service Solutions, Inc. was a company set up by Ted Burkhalter and Glancy was its agent for service of process. Glancy testified that he was not aware of the lawsuit, although the evidence shows that the papers were sent by certified mail addressed to him at his designated address, signed for by another person, and the certificate returned to the court. The court record also reflects that on February 19, the Clerk of the Court mailed notice of the Second Amended Complaint to Ted Burkhalter to his address in Nashville, Tennessee. (Doc. #92, Display Receipt). Ted Burkhalter did not testify at the evidentiary hearing, and the court ruled before the hearing that it would not consider affidavit evidence previously submitted.[2] Therefore, there is no testimony by Ted Burkhalter to establish a good reason for failing to respond to the Second Amended Complaint by Service Solutions, Inc.

Considering all of the evidence and arguments, and considering the three required prongs, and relevant analytical factors, the court finds that the lack of a showing of a meritorious defense; the lack of a showing that there is no prejudice to the Plaintiffs; the length of the delay from the notice of the Second Amended Complaint to the Motion to Set Aside the Default Judgment filed on June 25, 2014 and its potential impact on discovery as to facts regarding piercing the corporate veil; the lack of a showing of a good reason for the delay, which as to at least two Defendants was due to lack of diligence with respect to the insurance company and was within the reasonable control of the movants; and the procedural history of the case, means that the movants have failed to meet their burden of demonstrating that they are entitled to relief from the default judgment under Rule 60(b)(1).

---

[2] Burkhalter was present all morning of the hearing at the instance of the Defendants. The Defendants rested after lunch and the Plaintiffs attempted to call him as their witness. They had not issued a subpoena to him while he was present, however, and defense counsel stated that Burkhalter had presumably gone to Clanton, and then back to Nashville. The court declined to grant Plaintiffs any kind of relief.

Although the Defendants have also cited Rule 60(b)(6), they do not advance any argument specific to that subsection of the Rule, they have addressed all argument to (b)(1) factors, and, "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).[3]

### V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Set Aside Default Judgment (Doc. #101) is DENIED as to the default judgment entered on liability.

2. This case will be set for trial by jury for the purpose of determining the amount of damages by separate Order at a later date.

Done this 19th day of August, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Since the Motion specifically limits it to Rule 60(b)(1) and (b)(6), and defense counsel stated the same in opening at the hearing, the court has considered any jurisdictional issue under Rule 60(b)(4) to be waived and has limited its consideration of the facts of service only as they relate to those two rules. *See In re Worldwide Web Systems, Inc.*, 328 F.3d at 1298-99.